*Eleventh Judicial District.*

In the Court of Common Pleas of Luzerne County.

## BROWN *et al. v.* SCANLAN.

Parol evidence, in the absence of fraud or mistake, of an agreement at time of giving the note, that maker would not pay it, is inadmissible.  Affidavit averring such agreement is not sufficient.

Motion for judgment for want of sufficient affidavit of defense.

Opinion delivered by

DANA, A. L. J.    The defendant in his affidavit of defense states that the notes in this suit were given in renewal of notes previously made by P. & Neal McGroaty ; that at the time the present notes were given the defendant, the maker, told Brown that he could not pay the notes signed by him, and directed Brown to see that McGroaty paid them, whereupon Brown, one of the plaintiffs, and the business manager of the firm, agreed to hold the defendant harmless.

It has been repeatedly decided that without proof or allegation of

fraud or mistake, parol evidence of agreement made cotemporaneously with the note to change or contradict the promise contained in it, is inadmissible. The engagement of the defendant cannot be partly in writing and partly in parol. It is not competent for the acceptor of a bill to prove by parol that he did not promise according to the terms of his acceptance. Mercantile paper would be of little value if the drawer or acceptor were permitted to establish by a witness that a written promise to pay $100 meant only a promise to pay $40, or that a promise to pay $2,500, without defalcation, for value received, meant a refusal to pay anything. The question has repeatedly arisen, and it has been held that the defendant cannot give in evidence a parol agreement entered into when the note was drawn that it should be renewed, and payment not demanded when due. 2 Campbell, 56 ; or that a note payable on demand should not be payable until a given event happened. 10 B. & C. 729 ; or that the payment of a check should not be demanded at maturity. Hill *v.* Gaw, 4 Barr. 493 ; or that a note should not mature at the time of payment therein specified. Auspach *v.* Basts, 2 P. F. Sm. 356; Mason *v.* Graff, 11 C. 448, and authorities cited.

Rule absolute, and judgment ordered for want of sufficient affidavit of defence.